United States District Court
District of Massachusetts

|  |  |
|---|---|
| **TAIRSHENG CHIANG, P.E.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 14-14712-NMG |
| **COMMONWEALTH OF MASSACHUSETTS** ) | |
| and **MASSACHUSETTS DEPARTMENT OF** ) | |
| **ENVIRONMENTAL PROTECTION,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

In December, 2014, pro se plaintiff Tairsheng Chiang ("Chiang") filed a complaint against the Commonwealth of Massachusetts and the Massachusetts Department of Environmental Protection ("DEP") (collectively, "defendants") alleging employment discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. Now pending is defendants' motion to dismiss the complaint on res judicata grounds.

This is the fifth such complaint filed by plaintiff since 2010. All of the complaints have alleged some variation of employment discrimination against defendants. See No. 10-cv-11483-DJC; No. 11-cv-12211-DJC; No. 13-cv-10403-EFH; No. 13-cv-11732-JLT. The second, third and fourth cases filed by

plaintiff were all dismissed because of the res judicata effects of earlier-filed cases.[1]  Two of those decisions were appealed by plaintiff and subsequently affirmed by the First Circuit Court of Appeals.

Res judicata is applicable when there is (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits. Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994).  For there to be sufficient identicality between the causes of action asserted, there must be "a common nucleus of operative facts." Haag v. United States, 589 F.3d 43, 46 (1st Cir. 2009) ("Put another way, as long as the new complaint grows out of the same transaction or series of connected transactions as the old complaint, the causes of action are considered to be identical.") (internal quotation marks and citation omitted).

In essence, the instant complaint alleges that plaintiff suffered employment discrimination and retaliation by defendants after he applied for a position with the DEP in July, 2013. Plaintiff seeks immediate re-appointment to the DEP (from which he contends he was wrongfully terminated after 24 years of

---

[1] The original action was dismissed because, inter alia, plaintiff failed to state a plausible claim under Title VII.

employment) and back pay beginning with the point in time in 2013 when yet again he re-applied for employment.

Res judicata is warranted because this is déjà vu all over again. Plaintiff continues his endless pursuit for relief against defendants by asserting a variation of the same claims for the fifth time. Such pleadings are vulnerable to a res judicata bar because they seek remedies for several alleged instances of employment discrimination by defendants, including the DEP's original decision to terminate plaintiff, its subsequent refusal to interview or re-hire him and retaliation for complaints made to the Massachusetts Commission Against Discrimination. Those claims have already been denied in earlier litigation.

Particularly instructive is the First Circuit's application of res judicata to newly-asserted claims made in the fourth case, which the court reasoned could have been brought by plaintiff in the already-pending third suit and thus were appropriately dismissed. Chiang v. Mass. Dep't of Envtl. Prot., No. 13-2239 (1st Cir. May 27, 2014). The same reasoning applies here. The asserted allegations in this case "were or could have been pursued as part of Chiang's [fourth] unsuccessful discrimination action" and are appropriately barred by res judicata. Id.

**ORDER**

Accordingly, defendants' motion to dismiss the complaint (Docket No. 13) is **ALLOWED**.

**So ordered.**

                                           /s/ Nathaniel M. Gorton  
                                           Nathaniel M. Gorton  
                                           United States District Judge

Dated February 13, 2015